IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK LYNN REYNOLDS, )
 )
        Plaintiff, )
 )
     v. ) Civil Action No. 16-576
 )
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security*, )
 )
        Defendant. )

O R D E R

AND NOW, this 28th day of February, 2017, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on October 11, 2016,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on October 10, 2016,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**    **Background**

On September 13, 2010, Plaintiff, Patrick Lynn Reynolds, filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Plaintiff claimed that he became disabled on December 1, 1987, due to a back injury with chronic back pain, joint pain and numbness in the left arm and both legs, shortness of breath even with light

1

exertion, inability to lift over five pounds without pain, inability to stand for more than 15 minutes without pain, fatigue, pain and shortness of breath walking a short way, and other health issues. (R. 11).

After being denied initially on December 13, 2010, Plaintiff sought and obtained a hearing on January 11, 2012, before Administrative Law Judge ("ALJ") David Brash. (R. 24-62). An additional hearing was held before the ALJ on June 13, 2012. (R. 63-88). In a decision dated July 19, 2012, the ALJ denied Plaintiff's request for benefits. (R. 8-23). The Appeals Council declined to review the ALJ's decision on February 12, 2014. (R. 1-6). Thereafter, Plaintiff filed a timely appeal with the United States District Court for the Western District of Pennsylvania, and by Order dated April 21, 2015, the Court remanded the case for further administrative proceedings. In particular, the Court found that the ALJ's RFC assessment was

> not supported by substantial evidence because, in failing to address the question of Plaintiff's left hand impairment, it is not clear whether the ALJ chose to reject a limitation concerning Plaintiff's left hand, whether the ALJ felt that the RFC fully accounted for Plaintiff's left hand limitations, or whether the omission of a limitation concerning Plaintiff's left hand was merely unintentional. While the ALJ was by no means required to simply adopt all of the findings of Dr. Tayal, he was required to explain his basis for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave additional weight to this opinion in formulating Plaintiff's RFC. On the other hand, it is possible that the ALJ expected that limiting Plaintiff's overhead reaching also adequately addressed any additional left hand problems Dr. Tayal detected, but, without a specific explanation by the ALJ of his reasoning, it is not apparent to the Court whether this general limitation also accounts for any more specific left hand limitations.

(R. 477). Accordingly, the case was remanded "for further discussion as to the rationale for not including specific left hand limitations in determining Plaintiff's RFC and in formulating the hypothetical question to the VE." (R. 477-78).

Upon remand, a supplemental hearing was held before the ALJ on January 22, 2016. (R. 420-435). In a decision dated March 9, 2016, the ALJ issued a partially favorable decision to

Plaintiff, having concluded that beginning became disabled as of June 3, 2014, the date his age category changed, but was not disabled prior to that date. (R. 403-414). Having exhausted his administrative remedies for the second time, Plaintiff filed this action, and the parties have filed cross-motions for summary judgment.

II.     **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity

3

'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III.  The ALJ's Decision

In this case, the ALJ found that Plaintiff has not been engaged in substantial gainful activity since September 13, 2010. (R. 405). The ALJ also found that Plaintiff met the second requirement of the sequential evaluation process insofar as he has the following severe impairments: "chronic obstructive lung disease, asthma, cervical and lumbar degenerative disc disease, obesity, lower extremity peripheral polyneuropathy, diabetic neuropathy with ataxia, status-post thoracic compression fracture, carotid artery aneurysm and stroke syndrome/pontine infarct." (R. 405-06). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 406-07).

The ALJ went on to find that Plaintiff retained the RFC to perform sedentary work with the following additional limitations: "[h]e can stand no more than 1 hour, cumulatively, in an 8-hour day[;]" "[h]e can never climb a ladder, rope or scaffold[;]" "[h]e can never climb[;]" "[h]e can occasionally balance, stoop, kneel, or crouch[;]" "[h]e must use a handheld device in one hand while ambulating[;]" "[h]e must avoid all exposure to unprotected heights, dangerous machinery, and like hazards[;]" and "[h]e must avoid even moderate exposure to gases, fumes, and like respiratory irritants." (R. 407). In discussing the evidence in support of that assessment, the ALJ noted that this Court had "specifically instructed [him] to address [Plaintiff's] left hand

5

manipulation abilities." (R. 410). To that end, the ALJ "acknowledge[d] that the EMG showed very mild left ulnar neuropathy at the wrist and ulnar groove and that clinical findings were generally normal with only a few Tinel's and Hoffman's signs which are used to detect nerve injury such as carpal tunnel syndrome and not residuals from a stroke." (Id.). "In addition," the ALJ wrote, "although there are a few findings of decreased grip strength, there are many normal findings for grasp and upper extremity strength." (Id.). "Thus," he concluded, "I find that the claimant's left hand and upper extremity limitations have been appropriately accommodated within the sedentary weight limitations found above." (Id.).

At Step Four, the ALJ found that Plaintiff had no past relevant work, so he moved on to Step Five. (R. 412). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as assembler, surveillance system monitor, and document preparer. (R. 413). The ALJ noted that, consistent with the VE's testimony, even if Plaintiff "were limited to occasional fingering and feeling, the surveillance system monitor would remain with 7,000 jobs in the national economy." (R. 413). Accordingly, the ALJ found that Plaintiff was not disabled prior to June 3, 2014, the date that Plaintiff's age category changed. (R. 413-14). Beginning on June 3, 2014, however, Plaintiff became disabled through the application of Medical-Vocational Rule 201.09. (R. 414).

## IV. Legal Analysis

As noted above, this case has already been remanded once for reconsideration. As the Court explained in its prior Order, in his first decision, the ALJ failed to properly address the

6

issue of Plaintiff's left hand impairment in formulating his RFC.[1] Unfortunately, remand is again required for that very same reason. Although the ALJ considered the evidence related to Plaintiff's left hand limitations at somewhat greater length than in his first decision, he once again failed to address those limitations in sufficient detail and set forth any "rationale for not including *specific* left hand limitations in determining Plaintiff's RFC[.]"

In particular, the record reveals that, in addition to mild weakness in his left hand, which the ALJ acknowledged, Plaintiff had "[m]ild left-sided hyperreflexia and *decreased fine finger movements*." (R. 382, 392) (emphasis added). Plaintiff was also noted to have "decreased proprioception in the upper and lower extremities." (R. 748). The former findings were noted in the treatment records from Plaintiff's neurologist, Dr. Ashis H. Tayal, in January and February 2012. (R. 382, 392). The ALJ reviewed and discussed Dr. Tayal's findings, including with regard to Plaintiff's decreased fine finger movements, and purported to give them "great weight." (R. 411). Yet, despite the fact that Dr. Tayal found that Plaintiff had decreased fine finger movements and the fact that Plaintiff gave Dr. Tayal's overall assessment "great weight," the ALJ did not include any restrictions on fine finger movements in his RFC assessment and offered no explanation why. Indeed, the ALJ did not even include the restriction on overhead

---

[1] RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20 C.F.R. § 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

7

reaching that he included in his first RFC assessment, so his revised RFC was actually less accommodating that his first RFC.

To be sure, the ALJ was not required to adopt all of Dr. Tayal's findings. He could have adopted some and rejected others in favor of contrary evidence in the record, as it was ultimately up to him to decide Plaintiff's RFC. Cf. S.S.R. 96–5p, 1996 WL 374183 (S.S.A.), at *4 ("Adjudicators must remember, however, that medical source statements may actually comprise separate medical opinions regarding diverse physical and mental functions, such as walking, lifting, seeing, and remembering instructions, and that it may be necessary to decide whether to adopt or not adopt each one."). Before doing so, however, the ALJ was required to provide some explanation for why he was not adopting the restrictions regarding Plaintiff's ability to use his left hand found in Dr. Tayal's assessment. Absent that, the Court cannot say whether the ALJ failed to incorporate these limitations into his RFC for "no reason or the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

This lack of clarity must be addressed on remand. Once again, the ALJ is directed *specifically* to address the findings regarding Plaintiff's manipulative limitations and either (1) incorporate them into his RFC assessment and the hypothetical he poses to the VE or (2) explain why he is not adopting them. See Nickens v. Colvin, No. 14-140, 2014 WL 4792197, at *2 (W.D. Pa. Sept. 23, 2014) (remanding case where the ALJ gave substantial weight to non-examining agency consultant's opinion, but did not include all of the limitations expressed by the consultant in his RFC assessment); Shaw v. Colvin, No. 14-1501, 2015 WL 4162446, at *3 (W.D. Pa. July 9, 2015) (remanding case in which "it [was] uncertain why the ALJ chose to incorporate certain limitations" in a medical source statement "and not others").

Perhaps the ALJ believed that by limiting Plaintiff to sedentary work, he was, in fact, accommodating any of Plaintiff's fine finger movement limitations. However, that is not necessarily the case. As explained in Social Security Ruling 96-9p:

> Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
>
> Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base. For example, example 1 in section 201.00(h) of appendix 2, describes an individual who has an impairment that prevents the performance of any sedentary occupations that require bilateral manual dexterity (i.e., "limits the individual to sedentary jobs which do not require bilateral manual dexterity"). When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource.

S.S.R. 96–9p, 1996 WL 374185 (S.S.A.), at *8 (emphasis in original). See also S.S.R. 85-15, 1985 WL 56857 (S.S.A.), at * 7 ("'Fingering' involves picking, pinching, or otherwise working primarily with the fingers. It is needed to perform most unskilled sedentary jobs."). So if it is determined that Plaintiff's manipulative limitations are significant, the unskilled sedentary occupational base may be eroded. As such, the issue should not have gone unaddressed by the ALJ – particularly since he purported to afford Dr. Tayal's findings "great weight."

Defendant, however, argues that the ALJ's failure to incorporate any fine finger movement limitations into his RFC was harmless because "the job of alarm monitor/surveillance monitor does not involve significant handling, finger dexterity, or manual dexterity" and "the VE testified that even if Plaintiff were limited to occasional fingering and feeling, he would remain capable of performing" the surveillance monitor job. (Def.'s Br. at 17). True as that may be, the Court cannot decide, in the first instance, whether Plaintiff can actually engage in "occasional fingering and feeling." He may be more restricted. It will be up to the ALJ, upon remand, to

9

make that determination, after taking into consideration the evidence the Court has highlighted in this Order and addressing it in the manner set forth above. In that same vein, the Court takes no position as to the remaining issues raised in Plaintiff's brief. Nor does the Court express any opinion as to whether the ALJ's RFC assessment could be supported by the record. Instead, it is, once again, the need for additional explanation by the ALJ that necessitates a remand in this case.

## V.     Conclusion

For the reasons set forth herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. In short, the ALJ failed to properly address the evidence related to Plaintiff's fine finger movement limitations. The Court is very cognizant of the age of this case and that the ALJ has already conducted three hearings regarding Plaintiff's claim. In view of that, the Court is somewhat reluctant to remand it again for further consideration. However, the record does not permit the Court to reverse and remand the case for an award of benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). Instead, the ALJ must specifically address the manipulative limitations described herein, determine whether to incorporate such limitations into his RFC, and, if so, determine, via the testimony of a VE, whether the limitations erode the occupational base for sedentary work. Accordingly, the Court hereby remands this case to the Commissioner for reconsideration consistent with this Order. The Court urges the Commissioner to adjudicate the matter as expeditiously as possible.

s/Alan N. Bloch  
United States District Judge

ecf:        Counsel of record